United States District Court
Southern District of Texas
ENTERED

MAY 0 5 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| BENITO DE LA CRUZ, JR., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-113 |
| | § | |
| CAMERON COUNTY, TEXAS, ET AL, | § | |
| Respondent | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Plaintiff Benito de la Cruz (de la Cruz) was employed by Defendant Cameron County (Cameron County) as a detention officer. On June 5, 1997 de la Cruz was arrested by Defendant, Officer Javier Reyna, (Officer Reyna) for allegedly delivering marijuana to Defendant Robert Sanchez (Sanchez) on February 17, 1997. Sanchez was working as a confidential informant for the Cameron County Sheriff's Department; posing as an inmate in the detention center where de la Cruz worked. De la Cruz was arrested, interrogated, jailed, and released on bond the following morning. He was tried and found not guilty. De la Cruz has sued Officer Reyna and other Cameron County employees in their individual and official capacities.

Officer Reyna has filed a Rule 12(b)(6) Motion to Dismiss, asserting that he has immunity from de la Cruz's claims, and as such, de la Cruz has failed to state a claim for which relief can be granted.

### CLAIMS

De la Cruz asserts the following claims against Officer Reyna: (1) Civil rights violations under 42 U.S.C. §1983, namely, that he was arrested without either a warrant or probable cause; a violation of his Fourth and Fourteenth Amendment rights; (2) Negligence actions under the Texas Tort Claims Act; (3) Common law causes of action including false arrest and false

1

imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process; (4) A tort action under the Texas Constitution; and (5) Breach of contract.

## 12(b)(6) STANDARD OF REVIEW

The standard for ruling on a 12(b)(6) motion is as follows: The court must accept the plaintiff's allegations as true and view them in the light most favorable to the plaintiff, drawing all reasonable inferences in his favor. The motion is denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle them to relief. *Sloan v. Sharp* 157 F.3d 980,982-83 (5th Cir. 1998). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a Motion to Dismiss. *Jefferson v. Lead Industries Association, Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997). The issue is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *John Doe v. Hillsboro Independent School District,* 81 F.3d 1395, 1401(5th Cir. 1996).

With this in mind, we turn to the issues presented in this case.

## ANALYSIS

### §1983 Claim: Official Capacity

Officer Reyna has pled that because he is a government employee, he is entitled to immunity. The proper immunity in this context is qualified immunity. *Hart v. O'Brien,* 127 F.3d 424, 441 (5th Cir.1997). In *Hart,* the Fifth Circuit defined qualified immunity as protection for government officials performing discretionary functions from civil liability under federal law. *Hart* 127 F.3d at 441 citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). A government official is protected from lawsuits against them in their official capacity unless their conduct violates a clearly established federal statutory or constitutional right of which a reasonable person should have known. *Id.*

When evaluating an immunity defense to a constitutional claim, the court must first determine whether the plaintiff has alleged a violation of a constitutional right. *Id* at 442 citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). The plaintiff must then show that when the Defendant acted, "the law established the contours of a right so clearly that a reasonable person

2

would have understood their acts were unlawful." *Id* at 441 citing *Anderson v. Creighton* 483 U.S. 635, 640 (1987).

The court also noted that where reasonable people could disagree on an issue, immunity should be recognized. *Id* at 444 citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

Given the rules outlined above, we now apply them to the case at hand.

First, we must determine if de la Cruz has alleged a violation of a constitutional right. The right to be free from illegal arrest, as secured by Fourth and Fourteenth Amendments, is a clearly established constitutional right for purposes of a qualified immunity claim in a §1983 action. *Sorrenson v. Ferrie,* 134 F.3d 325, 328 (5th Cir. 1998) citing *Baker v. McCollan,* 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979).

Here, de la Cruz asserted that he was illegally arrested, as Officer Reyna had neither a warrant nor probable cause. Because his allegations must be viewed as true, de la Cruz has stated a violation of a constitutional right.

Second, should Officer Reyna have known that his conduct was unlawful at the time he committed the violation? That is, should Officer Reyna have known that his arrest and detention of de la Cruz was illegal under the circumstances?

"Police officers are...required under the Fourth Amendment to make a determination of probable cause before any significant pretrial restraint of liberty." *Sorrenson,* 134 F.3d at 328 citing *Duckett v. City of Cedar Park,* 950 F.2d 272, 278 (5th Cir.1992).

Again, de la Cruz's assertion that Officer Reyna had neither an arrest warrant nor probable cause to make the arrest must be accepted at face value. If such were the case, then Officer Reyna would have had no legal basis for arresting de la Cruz. Having made the arrest anyway, Officer Reyna should have known that the arrest and subsequent incarceration would be unlawful. Thus, Officer Reyna would lose his qualified immunity and de la Cruz could sue him in his official capacity under §1983. Therefore, de la Cruz will have stated a claim for which relief could be granted, and as such, Defendant's Motion to Dismiss the §1983 claim against him in his official capacity should be DENIED.

3

CutPDF - www.faxsa.com

**§1983 Claim: Individual Capacity**

The qualified immunity defense to a §1983 claim is fully applicable in the individual capacity. *Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978).

As explained above, if de la Cruz's allegations are taken as true, Officer Reyna would have acted unlawfully and would lose his qualified immunity. De la Cruz could therefore sue him in his individual capacity under §1983, and would thus have stated a claim for which relief could be granted. As such, the Defendant's Motion to Dismiss the §1983 claim against him in his individual capacity should likewise be DENIED.

**Common Law Claims: Official Capacity**

De la Cruz's common law causes of action include: false arrest and false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process.

The Texas Supreme Court has held that government employees are entitled to official immunity from state claims arising from performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Hart v. O'Brien,* 127 F.3d 424, 450 (5th Cir.1997) citing *City of Lancaster v. Chambers,* 833 S.W.2d 650, 653 (Tex 1994).

As we are to accept de la Cruz's allegations as true, it follows that Officer Reyna made an unlawful arrest. As such, Officer Reyna's arrest of de la Cruz would meet none of the above criteria. Thus, Officer Reyna would lose his official immunity and de la Cruz could sue him.

De la Cruz would therefore have stated claims for which relief can be granted, and as a result, the Defendant's Motion to Dismiss the above common law claims brought against Officer Reyna in his official capacity should be DENIED.

**Common Law Claims: Individual capacity**

De la Cruz also proposes to sue Officer Reyna for the above common law claims in his individual capacity. De la Cruz asserts that these claims are permitted under *Heath v. Boyd,* 175 S.W.2d 214, 215-218 (Tex.1943) and *City of Garland v. White,* 368 S.W.2d 12,16 (Tex.Civ.App-Eastland, 1963, *writ ref'd n.r.e.)*

4

*Heath* dealt with the issue the authority of a peace officer to arrest without warrant, and is irrelevant to the question at hand.

In contrast, *City of Garland* holds that when a police officer acts illegally, even though engaged in the performance of a public duty, they can be held liable in their individual capacity for an intentional tort. *City of Garland,* 368 SW2d *at* 16.

De la Cruz's common law causes of action are intentional torts. *Dupree v. Piggly Wiggly Shop Rite Foods, Inc.,* 542 S.W.2d 882, 888 (Tex. Civ. App. Corpus Christi 1976, *writ ref'd n.r.e.*)(False imprisonment), *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993) (Intentional infliction of emotional distress), *Closs v. Goose Creek Consolidated Independent School District,* 874 S.W.2d 859, 869 (Tex. App. Texarkana, - 1994, *no writ*)(Malicious prosecution). *Jackson v. Texas A&M University System,* 975 F.Supp. 943 (S.D. Tex., 1996) (Defamation), *Laughlin v. Prudential Insurance Co.,* 882 F.2d 187, 191 (5th Cir. 1989) (Abuse of process).

Again, de la Cruz has alleged that Officer Reyna has acted illegally and this must be taken as true. As such, under *City of Garland,* he could be held liable, and de la Cruz has stated claims for which relief can be granted. Therefore, the Defendant's Motion to Dismiss the common law claims of false arrest and false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process, brought against Officer Reyna in his individual capacity, should be DENIED.

## Texas Tort Claims Act

De la Cruz has made several claims under the Texas Tort Claims Act. The following appear to apply to Officer Reyna: Negligence, carelessness, and recklessness with regard to (1) Failing to follow proper investigative procedures (2) Failing to properly select and monitor Defendant/informant Sanchez, and (3) Using a confidential informant whom the defendant knew or should have know was not reliable or credible. De la Cruz also contends that each of these omissions was the proximate cause of his injuries.

The Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-101.109 (Vernon 1986 & Vernon Supp.1990), provides for a limited waiver of governmental immunity for certain torts. *City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex. App.- San

5

Antonio, 1990, *writ denied).* Immunity is not waived if the claim arises out of an intentional tort. *City of San Antonio,* 796 S.W.2d at 261, citing *McCord v. Memorial Medical Center Hosp.,* 750 S.W.2d 362, 363 (Tex.App.- Corpus Christi 1988, *no writ).*

Where a Platintiff has alleged a §1983 cause of action as an intentional tort, they may not contemporaneously pursue pendent state claims under the Texas Tort Claims Act when both causes of action are based on the same event. *Taylor v. Gregg,* 36 F.3d 453, 457 (5th Cir.1994).

Here, the acts giving rise to de la Cruz's causes of action under the Texas Tort Claims Act also form the basis of his §1983 suit. As such, he may not maintain both his §1983 claim and his Texas Tort Claims Act causes of action simultaneously. Thus, de la Cruz has failed to state a claim for which relief can be granted and the Defendant's Motion to Dismiss the Texas Tort Claims Act causes of action should be GRANTED. Furthermore, the proper remedy as to these claims is to DISMISS WITHOUT PREJUDICE, so that de la Cruz may evaluate whether he wishes to maintain his §1983 claim in federal court, or withdraw that suit and pursue his Texas Tort Claims Act causes of action in state court. *Drain v. Galveston County,* 979 F. Supp 1101,1105 (S.D. Tex., 1997).

### State Constitutional Violations

De la Cruz's next claim is a tort action for violations of the Texas Constitution. Specifically, he contends that he suffered unconstitutional taking of his property and liberty.

There is no state "constitutional tort."*City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex 1995) citing *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582, 584 n.1 (Tex. Civ. App. - Houston [14th Dist.] 1987, *writ ref'd n.r.e.)* As such, this is not a viable cause of action for de la Cruz.

De la Cruz responds that the existence of a state constitutional tort is undecided, citing *Eugine v. Alief Independent School District* for support. *Eugine v. Alief Ind. Sch. Dist.,* 65 F.3d 1299 (5th Cir. 1995, *cert denied,* 517 U.S. 1191 1996). However, *Eugene* merely states that even if such a "tort" exists, Texas law would not allow government employees to be sued for exercising their discretionary authority. That is, if a party is acting in their capacity of the job they were employed, that party would be immune to any suit under state law, including one based on the

6

Texas Constitution. *Eugine,* 65 F3d at 1306. Furthermore, *Eugeine* is in agreement with *Bagg* that there is no state constitutional tort. *Id* at 1306.

As such, de la Cruz has failed to state a claim for which relief can be granted, and Defendant's Motion to Dismiss de la Cruz's state constitutional law claim should be GRANTED.

## Breach of Contract

De la Cruz has not included a copy of the contract in his pleadings, nor has he pled with whom the contract was made. As a result, it is unclear whether the contract was with Officer Reyna or another Defendant. Assuming that the contract was between Officer Reyna and de la Cruz, and taking de la Cruz's assertion that the contract was breached as true, de la Cruz will have stated a claim for which relief can be granted. Thus, the Motion to Dismiss de la Cruz's breach of contract claim should be DENIED.

## RECOMMENDATION

For the reasons listed above, the Defendants Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim should be

DENIED as to the §1983 cause of action in his official capacity;

DENIED as to the §1983 cause of action in his individual capacity;

DENIED as to the common law claims of false arrest and false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process; brought against the defendant in his official capacity;

DENIED as to the above common law claims against the defendant in his individual capacity;

GRANTED, DISMISSED WITHOUT PREJUDICE as to the Texas Torts Claims Act causes of action;

GRANTED as to the state Constitutional tort; and

DENIED as to the breach of contract claim.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 5th day of _____ May _____, 1999.

_____
Felix Recio
United States Magistrate Judge