UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 9 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BENITO DE LA CRUZ, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-113 |
| | § | |
| CAMERON COUNTY, TEXAS, ET AL., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Plaintiff sued County and County officials after he was arrested and tried for allegedly delivering marijuana to an inmate in the prison facility where Plaintiff was employed. This Amended Report and Recommendation has been written in order to correct errors in the original Report and to address objections filed by Plaintiff and Defendants.

### PARTIES

1. Plaintiff Benito de la Cruz, Jr. (Plaintiff) is a former detention officer who worked for Cameron County in the County jail.

2. Defendant Cameron County (County) is a political subdivision of the State of Texas.

3. Defendant Javier Reyna (Javier Reyna) is a Lieutenant of the Criminal Investigation Division of the Cameron County Sheriff's Department.

4. Defendant Gus Reyna (Gus Reyna) is a spokesperson and chief jailer of the Cameron County Sheriff's Department.

5. Defendant Omar Lucio (Lucio) is the Sheriff of Cameron County.

6. Defendant Robert Sanchez (Sanchez) is a confidential informant for the Cameron County Sheriff's Department.

1

## BACKGROUND

Plaintiff was employed by the Cameron County Sheriff's Department as a detention officer in Detention Center I in Brownsville, Texas. Javier Reyna arrested Plaintiff on June 5, 1997, for allegedly delivering marijuana to Sanchez on February 17, 1997. Sanchez was working as an informant for the Cameron County Sheriff's Department in Detention Center I. Plaintiff was arrested, interrogated, jailed, and released on bond the following morning. He was tried and found not guilty. Plaintiff sued Javier Reyna, Gus Reyna, and Sanchez in their individual and official capacities, Lucio in his official capacity, and County.

Plaintiff asserts the following claims against all of the Defendants:

1. Civil rights violations under 42 U.S.C. §1983. Specifically, Plaintiff contends that Defendants illegally seized him in violation of his Fourth Amendment rights, and unlawfully deprived him of his liberty in violation of his Fourteenth Amendment rights;

2. Negligence under the Texas Tort Claims Act; and

3. Common law torts, including: false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process.

Plaintiff has brought two additional claims against County only:

1. Tort liability under the Texas Constitution; and

2. Breach of contract.

Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, Gus Reyna in his individual capacity, and County have filed a 12(b)(6) Motion to Dismiss for failure to state a claim.

Javier Reyna, in his individual capacity, has filed a separate Rule 12(b)(6) Motion to Dismiss.

## MOTION TO DISMISS

Rule 12(b)(6) provides that a party may move a court to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). A motion to dismiss will be denied unless it appears to a certainty that the plaintiff can prove no set of facts that would

2

entitle them to relief. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

The court must accept the allegations as true and view them in the light most favorable to the non-movant; drawing all reasonable inferences in that party's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Jefferson v. Lead Industries Association, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

## ANALYSIS

### I. DEFENDANT CAMERON COUNTY

#### A. §1983 Claim

Plaintiff asserts Cameron County violated his civil rights under §1983. Specifically, Plaintiff contends that he was illegally seized in violation of his Fourth Amendment rights, and unlawfully deprived of his liberty in violation of his Fourteenth Amendment rights.

Section 1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws while acting under color of state law. 42 U.S.C. §1983.

In order to state a valid claim under §1983, Plaintiffs must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

A municipality cannot be held liable in a §1983 suit solely under a respondeat superior theory. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). Liability may be imposed upon a municipality under §1983 when the enforcement of a municipal policy or custom was the moving force of the violation of federally protected rights. *Doe*, 153 F.3d at 216, citing *City of Canton v. Harris*, 489 U.S. 378, 385-91, (1989).

Here, Plaintiff alleges that Defendants intentionally violated his Fourth and Fourteenth Amendment rights, and that the Defendants acted under color of state law. (Pl's. Pet. at 4). Furthermore, Plaintiff alleges that the County employees acted pursuant to a policy or custom,

and that enforcement of this policy resulted in the violation of his rights.(Pl's. Pet. at 4).

Consequently, Plaintiff has met *Doe*'s requirements for stating a claim under §1983. *Doe*, 153 F.3d at 215. Therefore, Plaintiff has stated a claim for relief, and Defendants' Motion to Dismiss Plaintiff's §1983 claim against Cameron County should be DENIED.

### B.  Texas Tort Claims Act

Plaintiff claims County is liable under the Texas Tort Claims Act for the following acts of Javier Reyna: Negligence, carelessness, and recklessness with regard to (1) Failing to follow proper investigative procedures, (2) Failing to properly select and monitor Defendant/informant Sanchez, and (3) Using a confidential informant whom the Defendants knew or should have known was not reliable or credible.

Where a plaintiff has alleged a §1983 cause of action as an intentional tort, they may not pursue pendant state claims under the Texas Tort Claims Act which arise from the same event. *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir.1994).

Here, all of Plaintiff's claims arise from his arrest, incarceration, and prosecution. (Pl.['s] Pet. at 3-4). As such, the acts giving rise to Plaintiff's causes of action under the Texas Tort Claims Act also form the basis of his §1983 suit. Thus, he may not maintain both his §1983 claim and his Texas Tort Claims Act causes of action simultaneously. Therefore, Plaintiff has failed to state a claim for which relief can be granted, and Defendants' Motion to Dismiss Plaintiff's Texas Tort Claims Act causes of action against Cameron County should be GRANTED. Furthermore, these claims should be DISMISSED WITHOUT PREJUDICE. *Drain v. Galveston County*, 979 F. Supp 1101,1105 (S.D. Tex., 1997).

### C.  Common Law Claims

Plaintiff asserts the following common law claims against County: false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process.

Counties enjoy sovereign immunity except to the extent abrogated by the Texas Tort Claims Act. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex.1996).

The Tort Claims Act is a limited waiver of sovereign immunity for certain torts. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001- 101.109 (Vernon 1986 & Vernon Supp.1990), *See City*

4

*of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.- San Antonio, 1990, *writ denied*). The Act does not waive immunity if the claim arises out of an intentional tort. *City of San Antonio*, 796 S.W.2d at 261, citing *McCord v. Memorial Medical Center Hosp.*, 750 S.W.2d 362, 363 (Tex.App.- Corpus Christi 1988, *no writ*).

As Plaintiff's common law claims are intentional torts, they are barred by sovereign immunity. *See Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994)(Claims of false arrest and malicious prosecution are not permitted by the Texas Tort Claims Act.), TEX. CIV. PRAC. & REM. CODE ANN. §101.057(2)(Vernon 1986 & Vernon Supp.1990)(Immunity not waived for false imprisonment.), *Gillum v. City of Kerrville*, 3 F.3d 117, 122-23 (5th Cir.1993) (Intentional infliction of emotional distress is barred by Texas Tort Claims Act.), *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.--Houston [1st Dist.] 1995, no writ) (Texas Tort Claims Act does not waive immunity for intentional torts such as defamation.), *Rideau et al. v. Jefferson County, et al*, 899 F.Supp. 298, 304 (E.D.Tex.1995)(Intentional tort claim of abuse of process does not fall within the waiver of immunity.).

Because County is immune, Plaintiff has failed to state a claim for relief. Thus, Defendant's Motion to Dismiss Plaintiff's common law causes of action of false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process against County should be GRANTED.

### D. Texas Constitution

Plaintiff asserts a tort action against County under the Texas Constitution. Specifically, Plaintiff contends that he suffered an unconstitutional taking of his property and his liberty.

There is no state "constitutional tort." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) citing *Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582, 584 n.1 (Tex. Civ. App. - Houston [14th Dist.] 1987, *writ ref'd n.r.e.)*. As such, this is not a viable cause of action for Plaintiff. Thus, Plaintiff has failed to state a claim, and Defendants' Motion to Dismiss Plaintiff's state constitutional law claim against County should be GRANTED.

### E. Breach of Contract

Plaintiff asserts that County breached an employment contract between himself and County. Taking Plaintiff's assertion as true, Plaintiff will have stated a claim for relief. Thus, the

5

Motion to Dismiss Plaintiff's breach of contract claim against County should be DENIED.

## II. DEFENDANTS GUS REYNA, JAVIER REYNA, SANCHEZ AND LUCIO IN THEIR OFFICIAL CAPACITY

Suit against a county official in their official capacity is the same as a suit against the county. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Thus, suit against Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, is the same as a suit against County.

### A. §1983 Claim

For the reasons set forth in I.A. above, Defendants' Motion to Dismiss Plaintiff's §1983 claim against Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, should be DENIED.

### B. Texas Tort Claims Act

For the reasons set forth in I.B. above, Defendants' Motion to Dismiss Plaintiff's Texas Tort Claims Act causes of action against Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, should be GRANTED, and the claims DISMISSED WITHOUT PREJUDICE.

### C. Common Law Claims

For the reasons set forth in I.C. above, Defendants' Motion to Dismiss Plaintiff's common law claims of false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process, against Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, should be GRANTED.

## III. DEFENDANT GUS REYNA IN HIS INDIVIDUAL CAPACITY

### A. §1983 Claim

Plaintiff asserts that Gus Reyna is individually liable under §1983 for conspiring with Defendants to violate his constitutional rights. Gus Reyna asserts that as a government employee, he is entitled to qualified immunity from this claim.

Qualified immunity is protection for government officials (in their individual capacity) performing discretionary functions from civil liability under federal law. *Hart v. O'Brien*, 127 F.3d 424, 441 (5th Cir.1997), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).(Parentheses

ours.) *See Generally Student Services for Lesbians/Gays and Friends v. Texas Tech University*, 635 F.Supp. 776, 779 (N.D. Tex. 1996).

The determination of whether an official is entitled to qualified immunity involves a three-pronged analysis. *Eugene v. Alief Ind. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). First, it must be determined whether the plaintiff has asserted the violation of a constitutional right. *Siegert*, 500 U.S. at 232. Second, the constitutional right must have been clearly established at the time of the violation. *Id.* at 233-34. Third, the official's conduct must have been objectively unreasonable in light of the legal rules clearly established at the time the actions were taken. *Eugene v. Alief Ind. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), citing *Harlow*, 457 U.S. at 818.

Warrantless seizures are unreasonable under the Fourth Amendment. *United States v. De los Santos*, 810 F.2d 1326, 1335 (5th Cir. 1988), citing *United States v. Shaw*, 701 F.2d 367, 376 (5th Cir.1983). However, a warrant is not required for an arrest made with probable cause. *De los Santos*, 810 F.2d at 1336, citing *United States v. Fortna*, 796 F.2d 724, 739 (5th Cir.1986). Probable cause exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed. *Id.* at 1336, citing *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir.1985). If probable cause arises from information provided by an informant, the court must look to the totality of the circumstances to determine if probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Here, Plaintiff's arrest was based on information provided by a reliable informant and the marijuana Sanchez purchased from Plaintiff. (Pl.['s] Reply to Defs.['] Assertions of Qualified Immunity, Exhibit A, p. 1-2). As such, the totality of circumstances reveal that Defendants had probable cause to make the arrest. Thus, under *Eugene*, Plaintiff's arrest was objectively reasonable in light of the established law. *Eugene*, 65 F.3d at 1305. Consequently, Plaintiff cannot pass the third prong of the qualified immunity analysis. Because Plaintiff cannot pass all three prongs, Gus Reyna will retain his qualified immunity, and Plaintiff has failed to state a claim for relief. Therefore, Defendants' Motion to Dismiss the §1983 claim against Gus Reyna in his individual capacity should be GRANTED.

### B. Texas Tort Claims Act

For reasons set forth in I.B. above, Defendants' Motion to Dismiss the Texas Tort Claims Act causes of action against Gus Reyna in his individual capacity should be GRANTED and these claims DISMISSED WITHOUT PREJUDICE.

### C. Common Law Claims

Plaintiff asserts the following common law claims against Gus Reyna in his individual capacity: false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process. Gus Reyna contends that the Texas Tort Claims Act §101.106 requires dismissal of these claims, citing *Dallas County Mental Health & Mental Retardation v. Bossley* for support.[1] *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339 (Tex. 1998), (Javier Reyna's Mot. to Dismiss at 4).

Section 101.106 states that a judgment in an action or settlement of a claim bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. §101.106, (Vernon 1986 & Vernon Supp.1990).

In *Bossley*, the Texas Supreme Court held that when a court renders a judgment, including a judgment in favor of the government entity being sued, and a plaintiff has brought a claim against that entity's individual employees which are based on the same facts as the claim against the entity, §101.106 bars the claim against the entity's individual employees. *Bossley*, 968 S.W.2d at 343-44. A "judgment" is rendered when a court denies a claim against a government entity based on governmental immunity. *Id.* at 341, 343-44.

Here, the court has rendered judgment by recommending dismissal of Plaintiff's common law claims against County based on sovereign immunity. Moreover, the common law claims against County and Gus Reyna individually are based on the same facts: the arrest and prosecution of Plaintiff. As such, under *Bossley*, §101.106 bars the common law claims against Gus Reyna individually. *Id.* Thus, Plaintiff has failed to state a claim for relief, and Defendants'

---

[1] County, the official capacity parties, and Gus Reyna individually have adopted the defenses set forth in Javier Reyna's Motion to Dismiss. (Memorandum Supporting Rule 12(b)(6) Plea at 1).

8

Motion to Dismiss Plaintiff's claims of false arrest and false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process against Gus Reyna individually should be GRANTED.

## IV.   DEFENDANT JAVIER REYNA IN HIS INDIVIDUAL CAPACITY

Javier Reyna, in his individual capacity, has filed a separate 12(b)(6) Motion to Dismiss Plaintiff's common law claims, Plaintiff's Texas Tort Claims Act causes of action, and Plaintiff's state constitutional law claim.

### A.   §1983 Claim

It should be noted that Javier Reyna did not address Plaintiff's §1983 cause of action in his Motion to Dismiss. As such, the §1983 claim against Javier Reyna individually should proceed.

### B.   Texas Tort Claims Act

For reasons set forth in I.B. above, Javier Reyna's Motion to Dismiss the Texas Tort Claims Act causes of action should be GRANTED, and these claims DISMISSED WITHOUT PREJUDICE.

### C.   Common Law Claims

For reasons set forth in III.C. above, Javier Reyna's Motion to Dismiss the common law claims of false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process against him in his individual capacity should be GRANTED.

### D.   State Constitutional Law Claim

Javier Reyna asserts he is not liable for a state constitutional tort. Plaintiff does not appear to have sued Javier Reyna individually for this cause of action. (Pl.['s] Original Compl. at 8). However, assuming that such an action was brought, it should be dismissed for the reasons set forth in I.D. above, and Javier Reyna's Motion to Dismiss the state constitutional claim should be GRANTED.

## RECOMMENDATION

For the reasons set forth above, this court respectfully recommends that the Motion to Dismiss by Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities, Gus Reyna in his individual capacity, and County be adjudged as follows:

1. Cameron County:

    DENIED as to the §1983 cause of action;

    GRANTED, DISMISSED WITHOUT PREJUDICE, as to the Texas Tort Claims Act causes of action;

    GRANTED as to the common law causes of action of false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process;

    GRANTED as to the Texas constitutional tort cause of action;

    DENIED as to the breach of contract.

2. Gus Reyna, Javier Reyna, Sanchez and Lucio, in their official capacities:

    DENIED as to the §1983 cause of action;

    GRANTED, DISMISSED WITHOUT PREJUDICE, as to the Texas Tort Claims Act causes of action;

    GRANTED as to the common law causes of action of false arrest, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, and abuse of process.

3. Gus Reyna Individually:

    GRANTED as to the §1983 cause of action;

    GRANTED, DISMISSED WITHOUT PREJUDICE, as to the Texas Tort Claims Act causes of action;

    GRANTED as to the common law causes of action of false arrest, false imprisonment, malicious prosecution, abuse of process, defamation, and intentional infliction of emotional distress.

This Court further recommends that the Motion to Dismiss by Javier Reyna, individually, be:

GRANTED, DISMISSED WITHOUT PREJUDICE, as to the Texas Tort Claims Act causes of action;

GRANTED as to the common law claims of false arrest, false imprisonment, malicious prosecution, abuse of process, defamation, and intentional infliction of emotional distress; and

GRANTED as to the state constitutional claim.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 19th day of October, 1999.

_____
Felix Recio
United States Magistrate Judge

11