UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BENITO DE LA CRUZ, JR., §
Plaintiff, §
§
v. § CIVIL ACTION NO. B-98-113
§
CAMERON COUNTY, TEXAS, ET AL., §
Defendants. §

## MAGISTRATE JUDGE'S
## SECOND REPORT AND RECOMMENDATION

### PARTIES

1. Plaintiff Benito de la Cruz, Jr. (Plaintiff) is a former detention officer who worked for Cameron County in the County jail.

2. Defendant Cameron County (County) is a political subdivision of the State of Texas.

3. Defendant Javier Reyna (Javier Reyna) is a Lieutenant of the Criminal Investigation Division of the Cameron County Sheriff's Department.

4. Defendant Gus Reyna (Gus Reyna) is a spokesperson and chief jailer of the Cameron County Sheriff's Department.

5. Defendant Omar Lucio (Lucio) is the Sheriff of Cameron County.

6. Defendant Robert Sanchez (Sanchez) is a confidential informant for the Cameron County Sheriff's Department.

1

## BACKGROUND

Plaintiff was employed by the Cameron County Sheriff's Department as a detention officer in Detention Center I in Brownsville, Texas. Javier Reyna arrested Plaintiff on June 5, 1997, for allegedly delivering marijuana to Sanchez on February 17, 1997. Sanchez was working as an informant for the Cameron County Sheriff's Department in Detention Center I. Plaintiff was arrested, interrogated, jailed, and released on bond the following morning. He was tried and found not guilty. Plaintiff sued Javier Reyna, Gus Reyna, and Sanchez in their individual and official capacities, Lucio in his official capacity, and County. Plaintiff asserts, among other things, violations of 42 U.S.C. § 1983 and breach of contract. 42 U.S.C. § 1983.

County and Javier Reyna have moved for summary judgment.

## STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Anderson v.. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, (1986). In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *Id.* at 255. The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. Of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir.1985).

## ANALYSIS

I. **County's Motion for Summary Judgment**

County requests summary judgment on Plaintiff's § 1983 claims, including Plaintiff's Fourteenth Amendment due process claim and Fourth Amendment unlawful seizure claim. County also requests summary judgment on Plaintiff's breach of contract claim.

2

### A.  § 1983 Claims

#### 1.  Fourteenth Amendment Due Process

County asserts that Plaintiff impermissibly characterizes a seizure which complies with the Fourth Amendment as outrageous governmental conduct which violates the Fourteenth Amendment. *County's First Am. Mot. for Summ. J.* at 3-5. Plaintiff contends that County's actions constitute a deprivation of due process under the Fourteenth Amendment. *Pl.'s Original Compl.* at 4.

Upon review of the pleadings and supporting documents filed by the parties, the court is persuaded that there remains a genuine issue of material fact on this matter. As such, County's Motion for Summary Judgment on this issue should be DENIED.

#### 2.  Fourth and Fourteenth Amendment False Arrest

County asserts that seizure of the Plaintiff was lawful, as Javier Reyna had probable cause to make the arrest. *County's First Am. Mot. for Summ. J.* at 5-6. Defendants also assert that Plaintiff cannot establish that there was a policy or custom which led to the constitutional violation. *Id* at 6-7.

Plaintiff responds that Javier Reyna had neither probable cause nor a properly executed warrant to arrest him. As such, Javier Reyna's arrest of Plaintiff was unconstitutional. *Pl. Benito de la Cruz's Resp. to County's Mot. for Summ. J. and Javier Reyna's Mot. for Summ. J.* at 2-4. Plaintiff further contends that County's unconstitutional actions were done in accordance with County's official policy. *Pl.'s Original Compl.* at 4.

Upon review of the pleadings and supporting documents filed by the parties, the court is persuaded that there remains a genuine issue of material fact on this matter. As such, County's Motion for Summary Judgment on this issue should be DENIED.

### B.  Contract Claim

County argues that Plaintiff was employed "at will," and that there is no evidence of a contract for employment. *County's First Am. Mot. for Summ. J.* at 2-3. Plaintiff asserts that Defendant guaranteed his procedural due process under the Texas Constitution in an employment contract between himself and County. *Pl.'s Original Compl.* at 7-8;

Upon review of the pleadings and supporting documents filed by the parties, the court is

3

persuaded that there remains a genuine issue of material fact on this matter. As such, County's Motion for Summary Judgment on this issue should be DENIED.

## II. Javier Reyna's Motion for Summary Judgment

### A. § 1983 Claims

#### 1. Fourteenth Amendment Due Process

Javier Reyna asserts that Plaintiff impermissibly characterizes a seizure which complies with the Fourth Amendment as outrageous governmental conduct which violates the Fourteenth Amendment. *Javier Reyna's Mot. for Summ. J.; County's First Am. Mot. for Summ. J.* at 3-5. Plaintiff contends that County's actions constitute a deprivation of due process under the Fourteenth Amendment. *Pl.'s Original Compl.* at 4.

Upon review of the pleadings and supporting documents filed by the parties, the court is persuaded that there remains a genuine issue of material fact on this matter. As such, Javier Reyna's Amended Motion for Summary Judgment on this issue should be DENIED.

#### 2. Fourth and Fourteenth Amendment False Arrest

Javier Reyna asserts that seizure of the Plaintiff was lawful, as he had probable cause to arrest Plaintiff. *Javier Reyna's Mot. for Summ. J.; County's First Am. Mot. for Summ. J.* at 5-6. Javier Reyna also asserts that Plaintiff cannot establish that there was a policy or custom which led to the constitutional violation. *Id* at 6-7. Javier Reyna further alleges that since he had probable cause to make the arrest, he is entitled to qualified immunity from this claim. *Javier Reyna's Supp. Mot. for Summ. J.* at 2-6.

Plaintiff responds that Javier Reyna had neither probable cause nor a properly executed warrant to arrest him. As such, Javier Reyna's arrest of Plaintiff was unconstitutional. *Pl. Benito de la Cruz's Resp. to County's Mot. for Summ. J. and Javier Reyna's Mot. for Summ. J.* at 2-4.

Upon review of the pleadings and supporting documents filed by the parties, the court is persuaded that there remains a genuine issue of material fact on this matter. As such, Javier Reyna's Amended Motion for Summary Judgment on this issue should be DENIED.

## RECOMMENDATION

For the reasons set forth above,

A.  County's First Amended Motion for Summary Judgment (Docket No. 41) should be DENIED; and

B.  Javier Reyna's Motion for Summary Judgment (Docket No. 36) and Javier Reyna's Supplemental Motion for Summary Judgment (Docket No. 40) should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 26st day of June, 2000.

Felix Recio
United States Magistrate Judge