56

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**AUG 0 8 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BENITO DE LA CRUZ, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-113 |
| | § | |
| CAMERON COUNTY, TEXAS, ET AL., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S

## THIRD REPORT AND RECOMMENDATION

### BACKGROUND

Benito de la Cruz (Plaintiff) was employed by the Cameron County Sheriff's Department as a detention officer in Detention Center I in Brownsville, Texas. Javier Reyna arrested Plaintiff on June 5, 1997, for allegedly delivering marijuana to Sanchez on February 17, 1997. Sanchez was working as an informant for the Cameron County Sheriff's Department in Detention Center I. Plaintiff was arrested, interrogated, jailed, and released on bond the following morning. He was tried and found not guilty. Plaintiff sued Javier Reyna, Gus Reyna, and Sanchez in their individual and official capacities, Lucio in his official capacity, and County. Plaintiff asserts, among other things, violations of 42 U.S.C. § 1983 and breach of contract. 42 U.S.C. § 1983.

County and Javier Reyna have moved for summary judgment. The Magistrate Judge recommended to the District Court that Defendants' motion be denied. The District Judge referred the case back to the Magistrate to determine whether Javier Reyna had probable cause to arrest Plaintiff. The Magistrate held an evidentiary hearing on August 3, 2000.

### ANALYSIS

#### A.     Probable Cause

Plaintiff asserts that Javier Reyna did not have probable cause to arrest him.

1

Probable cause will usually be established by affidavits based on reliable uncorroborated tips given to police in the course of an investigation. *United States v. Thomas*, 7 F.Supp.2d 836, 844 (W.D. Tex. 1997) citing *United States v. Blount*, 123 F.3d 831 (5th Cir 1997), and *Christian v. McKaskle*, 731 F.2d 1196 (5th Cir. 1984).

Here, Javier Reyna arrested Plaintiff under the authority of an arrest warrant. *Pl.'s Exhibit 2.* The warrant was issued based on a criminal complaint signed and sworn before a Justice of the Peace. *Pl.'s Exhibit 1.* The complaint recited information obtained from a confidential informant, Roberto Sanchez, *Def.'s Exhibit 3,* and from an investigation by Javier Reyna. *Defendant's Exhibit 1.* The confidential informant proved reliable in the past. *Def.'s Exhibit 1,* p. 2. The information was provided during the course of an investigation which began on January 7, 1997. *Def.'s Exhibit 1,* p. 2.

As such, the court should find that Javier Reyna had probable cause to arrest Plaintiff.

## B.      Training

Plaintiff's theory of the case requires additional examination.

Municipalities may be held liable under § 1983 only if the constitutional harm suffered was the result of an official policy, custom, or pattern. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-94 (1978).

Plaintiff's theory of the case appears to be that Cameron County has a policy, custom, or practice of failing to train its law enforcement officers to establish probable cause before making an arrest, thus leading to Plaintiff's constitutional violation.

As explained above, Javier Reyna had probable cause to make the arrest. Moreover, the testimony of Training Officer Roger Olson of the Cameron County Sheriff's Department, and the personal Status Report submitted during the August 4, 2000, hearing establish that Javier Reyna has over 1000 hours of training in 31 different law-enforcement courses; many of which covered probable cause. *Pl.'s Exhibit 3.*

Thus, the court should find that Plaintiffs theory lacks merit.

2

## RECOMMENDATION

For reasons set forth above, the District Court should enter a conclusion of law that Javier Reyna had probable cause to arrest Plaintiff.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this ___ day of _____, 2000.

_____
Felix Recio
United States Magistrate Judge